UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

U.S. EQUAL EMPLOYMENT OPPORTUNITY   CASE NO.  6:25-MC-00033
COMMISSION

VERSUS                                                    MAGISTRATE JUDGE DAVID J. AYO

ECOSERV LLC

## MEMORANDUM RULING

Before this Court is the EEOC'S MOTION TO QUASH NON-PARTY SUBPOENA AND FOR

ENTRY OF PROTECTIVE ORDER [Doc. 1] filed by Plaintiff U.S. Equal Employment Opportunity

Commission seeking to have a subpoena issued to Felicia Naquin Savoie[1] quashed.

Defendant, Ecoserv, LLC, filed an opposition [Doc. 5] to which the EEOC replied [Doc. 7]. For

the reasons below, the motion to quash is GRANTED.  The motion for entry of a protective

order is DENIED AS MOOT. [6:23-CV-01321 Doc. 78].

## Factual and Procedural Background

The instant motion, originally filed in the Eastern District of Louisiana, is related to

an underlying case in this Court captioned *US Equal Employment Opportunity Commission*

*v. Ecoserve LLC*, Civil Action No. 6:23-CV-01321.  The EEOC instituted the underlying action

on September 22, 2023, under Title VII of the Civil Rights Act of 1964, as amended ("Title

VII"); the Age Discrimination in Employment Act, as amended ("ADEA"); and Title I of the

Civil Rights Act of 19912 on Savoie's behalf and those similarly situated. [6:23-CV-01321,

Doc. 1].  The EEOC alleges that Ecoserv "engaged in unlawful discrimination by (1) regularly

---

[1] The EEOC refers to Felicia Naquin Savoie as both "Ms. Naquin" and "Ms. Savoie" in the instant motion while Ecoserv refers to her as "Ms. Savoie" in its opposition.  *See* Doc. 5 at p. 1 n.1 (indicating that the parties generally refer to her as "Ms. Savoie" in the underlying litigation). The Court will refer to Felicia Naquin Savoie as "Savoie" herein.

denying employment to applicants who are Black, female, and/or 40 years old or older for non-salaried, non-office positions because of race, sex, and/or age; and (2) retaliating against Felicia Savoie, who opposed Defendant's actions, which she reasonably perceived to constitute unlawful employment discrimination." [6:23-CV-01321, Doc. 1].  On January 30, 2024, Ecoserv propounded discovery requests to the EEOC.  [6:23-CV-01321, Doc. 97-3].  On February 21, 2024, March 23, 2024, and October 11, 2024, Ecoserv propounded additional discovery requests to the EEOC.  [6:23-CV-01321, Doc. 97-4, 97-5, 97-6].  The EEOC sent responses and objections to Ecoserv's requests. [6:23-CV-01321, Doc. 97-7].  Upon the parties' requests, on November 26, 2024, this Court entered a Protective Order. [6:23-CV-01321, Doc. 78].

On March 13, 2025, Ecoserv's counsel sent correspondence to the EEOC's counsel requesting that the EEOC supplement its responses.  [6:23-CV-01321 Doc. 97-1, p. 1].  The EEOC maintained its objection to several of Ecoserv's requests for production.  The parties conferred but were unable to reach a resolution.  On April 29, 2025, Ecoserv served the subpoena at issue on Savoie, seeking compliance by May 9, 2025. [Doc. 1-1 at p. 4; Doc. 5 at p. 5].  The subpoena to Savoie identifies ten categories of documents for Savoie to produce, including tax documents, employer benefit documents, any documents supporting her claims in her underlying EEOC Charge of Discrimination, documents indicating her participation in other litigation or proceedings, and documents related to her receipt of unemployment compensation. [Doc. 1-3].

On May 8, 2025, the EEOC filed the instant motion in the Eastern District of Louisiana seeking to quash a subpoena issued to Savoie and the entry of a protective order. [Doc. 1].  On May 30, 2025, the motion was transferred to the Western District of Louisiana. [Doc. 8].

2

On June 26, 2025, Ecoserv filed a Motion to Compel seeking responses from the EEOC to various discovery requests.  [6:23-CV-01321, Doc. 97].  This Court ruled on that motion by Memorandum Ruling and Order issued on this date. [6:23-CV-01321, Doc. 120].

## Law & Analysis

Ecoserv may not seek discovery from a non-party in order to circumvent the EEOC's objections to the same discovery. Third-party discovery is "not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *See Thomas v. IEM, Inc.*, 2008 WL 695230, at *2 (M.D. La. 2008) (quoting *Burns v. Bank of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. 2007)); *see also Scrum All. Inc. v. Scrum, Inc.*, 2020 WL 6559625, at *3 (E.D. Tex. 2020) (quashing subpoena on non-party for documents that could be obtained from a party to the case).  Thus, a party's refusal to produce documents sought under Rules 26 and 34 "should be addressed by a motion to compel, not a subpoena to a nonparty."  *Scrum All.*, 2020 WL 6559625, at *3 (citing *In re Motions to Quash Subpoena filed by Craft Gallery, Ltd.*, 2013 WL 8367788, at *2 (W.D. Tex. 2013)).

Here, the EEOC objected to producing the same documents sought in both the normal discovery requests and the non-party subpoena.  Ecoserv's proper recourse was to seek to compel those documents from the EEOC, not to attempt to circumvent the EEOC's objections by issuing a subpoena for the same documents from Savoie.   Ecoserv filed a Motion to Compel, and this Court has ruled on same, disposing of the issues presented by the instant motion to quash.

## CONCLUSION

For the forgoing reasons, EEOC'S MOTION TO QUASH NON-PARTY SUBPOENA AND FOR ENTRY OF PROTECTIVE ORDER [Doc. 1] is GRANTED.  The motion for entry of a protective order is DENIED AS MOOT.

Signed at Lafayette, Louisiana on this 31st day of March, 2026.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**